# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WATERS EDGE LIVING, LLC, etc.,
et al.,

      Plaintiffs,

v.                          CASE NO. 4:06cv334-RH/WCS

RSUI INDEMNITY COMPANY, etc.,
et al.,

      Defendants.

_____/

## ORDER DENYING MOTION TO EXCLUDE VIDEO DEPOSITION

The plaintiffs have filed a motion seeking to exclude the publication of a video deposition. If I understand the motion correctly, the defendant properly designated the portions of the deposition it seeks to introduce, but it did not specifically indicate that the testimony would be published by playing the video, rather than by reading the testimony. And the defendant did not list the video as an exhibit.

Deposition testimony is not properly introduced as an exhibit. Instead, the testimony is published, either by reading it or, if it was recorded visually, by showing the jury the video. This puts the testimony on the same footing—so far as

possible—with live testimony. Parties sometimes list a deposition transcript as an exhibit, but I do not ordinarily allow the introduction of a transcript as an exhibit. Listing a deposition as an exhibit is not a prerequisite to introducing the testimony by publishing the deposition

No rule or order requires a party to indicate in advance how it will publish a deposition. If the plaintiffs' objection is simply to the manner of publication of portions of deposition testimony that were properly and timely designated, the objection is plainly unfounded.

Accordingly,

IT IS ORDERED:

The plaintiffs' motion (document 516) to exclude a video deposition is DENIED.

SO ORDERED on May 23, 2010.

                                            s/Robert L. Hinkle
                                            United States District Judge